IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TERRY J. BURGESS,                )
                                 )
            Petitioner,          )
                                 )
      v.                         )         1:11CV420
                                 )
JOEL HERRON, ADMINISTRATOR,      )
                                 )
            Defendant.           )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion for an Injunctive Order Requiring Prison Officials to Provide Access to Legal Material (Docket Entry 5). (See Docket Entry dated Oct. 25, 2011; see also 28 U.S.C. § 636(b)(1) (providing that United States Magistrate Judges may not dispose of motions for injunctive relief, but may enter recommendations as to such motions).) For the reasons that follow, the Court should deny Petitioner's instant Motion.

This case began when Petitioner filed a form Petition under 28 U.S.C. § 2254 (Docket Entry 2), along with a form Application to Proceed without Prepayment of Fees and Affidavit (Docket Entry 1). The Court (per United States Magistrate Judge Wallace W. Dixon) accepted the Petition for filing without prepayment of the $5.00 filing fee, but stayed the case and (based on the record of deposits into Petitioner's prison account) required Petitioner to

pay the $5.00 filing fee within 30 days. (Docket Entry 3.) Petitioner objected (Docket Entry 4) and that matter remains pending (see Docket Entries dated June 15, 2011, to present (reflecting no further action on Petitioner's Objections)).

With his instant Motion, Petitioner seeks an injunction "requiring [Respondent] to provide [Petitioner] with access to legal material such as, but not limited to: (1) A word-processor and, or computer with internet access, to retrieve case citations, under supervision of administrative staff for at least five-hours a week, except holidays and sufficient emergencies . . . [and] (2) . . . [the] Federal Rules of Crim. Procedure, [the] Federal Rules of Evidence[, the] Federal Rules of Civil Procedure . . . [and a] Black's Law Dictionary or Barron's Law Dictionary[.]" (Docket Entry 5 at 1 (internal quotation marks omitted).) In addition, Petitioner asks that the injunction direct Respondent "to provide xeroxing of authenticated documents . . . ." (Id. at 2.) Petitioner cites as authority for these requests only Bounds v. Smith, 430 U.S. 817, 821-28 (1977) (plurality opinion). (See Docket Entry 5 at 1-2.) Petitioner's reliance upon Bounds to support his requested injunction fails for at least two reasons.

First, the United States Supreme Court has substantially limited the reach of Bounds. See Lewis v. Casey, 518 U.S. 343, 354 (1996) (ruling that, to the extent Bounds "suggest[ed] that the State must enable the prisoner . . . to *litigate effectively* once

2

in court, . . . [t]hese elaborations upon the right of access to the courts have no antecedent in our pre-Bounds cases, and we now disclaim them" (emphasis in original)). Properly understood, the right recognized in Bounds "does not extend 'further than protecting the ability of an inmate to prepare a petition or complaint.'" Wrenn v. Freeman, 894 F. Supp. 244, 248 (E.D.N.C. 1995) (quoting Wolff v. McDonnell, 418 U.S. 539, 576 (1974)) (first set of internal quotation marks from earlier Eastern District of North Carolina case omitted). Petitioner obviously had the ability to prepare a petition and thus he has no right to any further court-ordered assistance.

Second, "[c]ourts have held that [the establishment of North Carolina Prisoner Legal Services ("NCPLS")] satisfies the Constitution's requirement that inmates be given meaningful access to the courts." Coil v. Peterkin, No. 1:08CV145, 2009 WL 3247848, at *10 (M.D.N.C. Oct. 5, 2009) (unpublished) (citing Wrenn's collection of cases). Accord Wrenn, 894 F. Supp. at 249 ("[T]he present NCPLS plan offers North Carolina inmates that constitutionally mandated level of assistance necessary to protect their right of 'meaningful access' to the courts."). Such holdings are imminently reasonable, given the level of assistance afforded to prisoners via NCPLS: "NCPLS initially screens prisoner claims to determine if they are frivolous. NCPLS then decides whether to provide or decline representation. If NCPLS determines that

3

appointment of counsel is not required in the action, NCPLS will still provide advice and assistance to [a prisoner]." Fowler v. Lee, 18 Fed. Appx. 164, 166 (4th Cir. 2001). For example, even when it does not opt to represent a prisoner, NCPLS provides forms the prisoner can use (like the forms used by Petitioner in this case). See Coil, 2009 WL 3247848, at *10.

In sum, Petitioner asks the Court to order Respondent to provide him with a particular level of "access to legal materials that [he] . . . like[s]," Wrenn, 894 F. Supp. at 249, but his demands in this regard represent a "luxury [to which] inmates are not entitled," id.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for an Injunctive Order Requiring Prison Officials to Provide Access to Legal Material (Docket Entry 5) be **DENIED**.

                                                /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                      **United States Magistrate Judge**
November 2, 2011